EUSTACE DE SAINT PHALLE, SBN 179100
JOSEPH R. LUCIA, SBN 278318
RAINS LUCIA STERN, PC
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Tel: (415) 341-9341
Fax: (925) 609-1690
E-mail: PersonalInjuryGroup@RLSlawyers.com

JOHN E. NORRIS
(*Pro Hac Vice pending*)
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-9900
Fax: (205) 930-9989
Email: JNorris@davisnorris.com

Attorneys for Plaintiff
ADRIENNE FRASER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE FRASER on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>WYSONG CORPORATION and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**AMOUNT DEMANDED EXCEEDS $10,000**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

## **CLASS ACTION COMPLAINT**

This is a California statewide class action seeking redress for the mislabeling of pet food and pet treats. Defendant Wysong Corporation ("Wysong"), labeled its pet food as "Made in USA," when in fact it contained ingredients sourced from foreign countries. This is a violation of the California Unfair Competition Law ("UCL") as well as the California Consumer Legal Remedies Act ("CLRA"). Plaintiff seeks, on her own behalf as well as on behalf of a statewide class of similarly situated consumers,

injunctive relief to stop Defendant's use of false country-of-origin labels, as well as restitution under the UCL. Plaintiff also seeks injunctive relief under the CLRA, and requests that Plaintiff be allowed to amend this complaint to seek actual damages subject to the $1,000 statutory minimum for class action damages, restitution, punitive damages and attorneys' fees under the CLRA thirty days after the service of this complaint in compliance with the notice requirements of the CLRA. In support of this complaint, Plaintiff states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Adrienne Fraser is an adult citizen of California residing in San Francisco County, which is within this district. Plaintiff purchased Defendant's products, the marketing of which violates California law, in this district and division.

2. Defendant Wysong is a corporation formed under and existing pursuant to the laws of the state of Michigan. Defendant's principal place of business is Midland, Michigan.

3. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, as modified by the Class Action Fairness Act of 2005, because Plaintiff and Defendant are citizens of different states, and in this class action the aggregate amount in controversy is greater than $5,000,000.00 (five million dollars), exclusive of interest and costs.

4. Venue is proper in this court because the purchases were made by, and deliveries were made to, the Plaintiff in this district and division.

## FACTS RELATING TO THE SPECIFIC PLAINTIFF

5. On multiple occasions prior to January 1, 2016, Plaintiff Adrienne Fraser purchased Defendant's Epigen Canine/Feline Diet food at two San Francisco retailers, the Animal House and Village Pets, as well as online.

6. The pet food that Plaintiff purchased from Defendant was labeled "Made in USA." Plaintiff made these purchases relying on the labels on Defendant's products stating that they were "Made in USA."

7. The value of the product received by Plaintiff was less than the value she paid, because the "Made in USA" labeling was untrue.

///

**FACTUAL ALLEGATIONS COMMON TO THE STATEWIDE CLASS**

8. Defendant manufactures and sells pet food in stores all over the United States, including California. Among other places, it sells its products in the San Francisco area at the following locations: The Animal House, located at 157 Fillmore St., San Francisco, CA 94117, and Village Pets, located 1036 Hyde St., San Francisco, CA 94109. Additionally, Defendant's products are sold over the internet and shipped throughout the United States, including California.

9. Defendant's pet food displays on its bags, in all capital letters, "MADE IN USA," along with an American flag and "SINCE 1979."

10. These labels stating that Defendant's pet food is made in the United States are false, because Defendant's pet food contains ingredients that are sourced from foreign countries. Specifically, the vitamin, mineral, and amino acid packs in defendant's products contain ingredients from non-USA sources.

11. Defendant continues to sell pet food bearing the label "Made in USA."

12. The buying public's preference for pet foods and treats that are made exclusively in the United States stems in part from the widely-publicized and widespread recall of pet foods in 2007, when hundreds, and perhaps thousands, of dogs and cats died of kidney failure after eating pet food that contained a toxic chemical called melamine. This ingredient was placed in the pet food at manufacturing facilities in China and was mislabeled as "wheat gluten" or "rice protein." This increased consumer's preference for both fully American-made pet food and grain-free pet food.

13. For this and other reasons, the buying public generally believes that "Made in the U.S.A." products are safer to feed their animals than foreign-sourced ingredients.

14. The Plaintiff and the class received products from Defendant that were worth less than what the Plaintiff and the class paid for the products.

**CLASS ACTION REQUIREMENTS**

15. Plaintiff brings this case on her own behalf, and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of all residents of the state of California who, within the applicable statute of limitations period, bought pet food products from Defendant that were sold with labels bearing "Made in USA."  Excluded from the class are

1  Plaintiff's counsel and any employee of the court.

2      16.    Pursuant to Rule 23(a)(1), numerosity is satisfied because the members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. There are thousands of members of the Class located in the State of California.

    17.    Common questions of fact and law exist here, satisfying the requirement of Rule 23(a)(2), including but not limited to:

    a.    whether Defendant participated in or committed the wrongful conduct alleged herein;

    b.    whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

    c.    whether the members of the Class sustained and/or continue to sustain injury by reason of Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining restitution for such injury; and

    d.    whether the members of the Class are entitled to injunctive or other equitable relief.

    18.    Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendant as other Class members' claims. Plaintiffs and members of the Class also sustained injury arising out of Defendant's common course of conduct complained of herein. Accordingly, Plaintiff satisfies the "typicality" requirements of Fed. R. Civ. P. 23(a)(3) with respect to the Class.

    19.    Plaintiff will fairly and adequately protect the interests of the other members of the Class, and have no interests that are antagonistic to those of the Class, pursuant to Rule 23(a)(4). Plaintiff is interested in vigorously prosecuting claims on behalf of the Class, and Plaintiff has retained experienced and competent class action counsel to represent them and the Class.

    20.    Plaintiff seeks to certify a statewide class pursuant to Rule 23(b)(2) and 23(b)(3).

    21.    Pursuant to Rule 23(b)(2), Defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

22. Pursuant to Rule 23(b)(3), questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Given the relatively small amount of damages suffered by each class member, it is unlikely that any of the class members are interested in individually controlling the prosecution or defense of separate actions. Plaintiff is not aware of any other litigation against Defendant asserting these claims, and doubts any other litigation outside of the class action device will be initiated against Defendant. It is desirable to hear all of these claims in one forum so that the class members can receive a full recovery, which they would not outside of a class action because of the relatively small amount of damages suffered by each class member, such that it would make no economic sense for individual class members to pursue individual claims in different forums. Plaintiff does not anticipate that there will be significant difficulties in managing this class action that are any more serious than other consumer class actions.

## CLAIMS FOR RELIEF

### COUNT ONE – CALIFORNIA UNFAIR COMPETITION LAW

23. All preceding paragraphs are incorporated by reference.

24. The foregoing unfair conduct violates the California Unfair Competition Law, codified at Business and Professions Code §§ 17200, et seq. ("UCL").

25. Among other provisions, the foregoing conduct violates Business & Professions Code § 17533.7 dealing with "Made in the U.S.A." product labeling.

26. The named Plaintiff and the class members suffered injury as a result of Defendant's violation of the law because they paid more for the product than its actual value.

27. As a result, Plaintiff and the class are entitled to an injunction against continuing violations of the UCL and restitution of monies obtained.

### COUNT TWO – CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

28. All preceding paragraphs are incorporated by reference.

29. Pursuant to Cal. Civ. Code § 1780(d), Plaintiff is filing an affidavit of proper venue and attaching it to this complaint as Attachment 1.

30. The foregoing conduct by Defendant violates the Consumers Legal Remedies Act,

codified at California Civil Code §§ 1750, et seq.

31. Defendant's pet food and treats are "goods" as defined in Civil Code Section 1761(a).

32. Plaintiff, and each of the Class members, is a "Consumer" as defined in Civil Code Section 1761(d).

33. Each of Plaintiff's and Class members' purchases of Defendant's products constituted a "transaction" as defined in Civil Code Section 1761(e).

34. Plaintiff and each class member suffered an injury in fact because they received a product from Defendants that had less value than they paid for it, due to the false labeling.

35. Defendant's violations of the Consumer's Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. Defendant did these acts knowing the harm that would result to Plaintiff and similarly situated persons, and Defendant continues to commit these acts notwithstanding that knowledge.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff prays for the following relief:

A. An order certifying this as a California statewide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. An order appointing Plaintiff's counsel as Class Counsel to represent the interests of the class;

C. After trial, an injunction ordering Defendant to stop its violations of California law as alleged herein;

D. An award of monetary relief for the Class in the amount by which Defendant has been unjustly enriched by its illegal conduct as alleged herein;

E. An award of costs, including reasonable attorney's fees;

F. Pre and post judgment interest in the highest amount permitted by law; and

///
///
///
///

G. Such further or different relief as the Court may deem appropriate.

Dated: January 5, 2016                              Respectfully submitted,

**RAINS LUCIA STERN, PC**

*/s/ Eustace de Saint Phalle*
By: Eustace de Saint Phalle
Attorneys for Plaintiff ADRIANNE FRASER

## DEMAND FOR JURY TRIAL

As to the matters complained of herein against Defendants WYSONG CORPORATION and DOES 1-25, and each of them, Plaintiff ADRIANNE FRASER, demands a trial by jury.

Dated: January 5, 2016                              Respectfully submitted,

**RAINS LUCIA STERN, PC**

*/s/ Eustace de Saint Phalle*
By: Eustace de Saint Phalle
Attorneys for Plaintiff ADRIANNE FRASER